**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MATTHEW WILLIAM SERRANO,

      Plaintiff,

v.                                      No. CIV-06-0033 JH/RHS

STATE OF NEW MEXICO,
ROXANN LICCIONE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico and a New Mexico assistant district attorney

as Defendants. Plaintiff contends that Defendant Liccione subjected him to malicious prosecution, and the New Mexico Second Judicial District Court imposed an illegal sentence on him in parole revocation proceedings. The complaint seeks "relief to be established at trial."

The Plaintiff's claims of malicious prosecution and illegal sentence appear to call into question the constitutionality of the judgment by which Plaintiff is incarcerated. These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. The complaint does not allege that Plaintiff's sentence has been set aside, *see id*. at 486-87, and thus his allegations fail to state claims cognizable under § 1983. *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *Lawson v. Engleman*, 67 F. App'x 524, 526 (10th Cir. 2003); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). To the extent Plaintiff's complaint seeks to modify or set aside his state criminal conviction or sentence, he must proceed under the habeas corpus statutes. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). The Court will dismiss Plaintiff's complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE